IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Mitchell, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 7932 |
| Baron's Creditor's Service Corp., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Gregory Mitchell, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that the form of Defendant's debt collection letters violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: the acts and transactions occurred here and both Plaintiff and Defendant reside here.

### PARTIES

3. Plaintiff, Gregory Mitchell ("Mitchell"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to United Credit Union.

1

4. Defendant, Barron's Creditor's Service Corp. ("BCS"), is an Illinois corporation, with its corporate headquarters in Northbrook, Illinois, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, BCS was acting as a debt collector as to the debt it attempted to collect from Mr. Mitchell.

5. Defendant BCS is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant BCS is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Defendant BCS sent Plaintiff Mitchell an initial form collection letter, dated May 5, 2009, demanding payment of a consumer debt owed to United Credit Union. A copy of this is attached as Exhibit C.

8. Only 9 days later, Defendant BCS sent Plaintiff Mitchell a second form collection letter, dated May 14, 2009, demanding payment of the debt by May 29, 2009 (the 24th day of the 30-day validation period), and threatening a lawsuit, stating:

* * *

> Your unwillingness to repay your account has been reported to United Credit Union [sic]. Baron's Creditor's Service Corporation must receive $6,208.61 by May 29, 2009. Make your check or money order payable to United Credit Union and send $6,208.61 directly to Baron's Creditor's Service Corporation at the address listed below. Clearly print the Baron's NO. XXXXX on the front of your payment.

> Should Baron's fail to receive $6,208.61 by May 29, 2009 Baron's will request that United Credit Union authorize the filing of a lawsuit by an attorney to collect $6,208.61.

\* \* \*

A copy of letter is attached as Exhibit D.

9. All of Defendant BCS's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10. Defendant BCS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g –
Overshadowing The 30-Day Validation Notice**

11. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, a debt collector must provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) of the FDCPA prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

12. Here, although Defendant BCS's first letter (Exhibit C) contains the notice required by § 1692g, the language in BCS's second letter (Exhibit D) overshadows, and is inconsistent with, the validation notice, rendering it ineffective. Specifically, the demands and threats in Defendant BCS's second letter, sent on the 9th day of the 30-

3

day validation period and demanding that Plaintiff Mitchell pay the debt by May 29, 2009 – the 24th day of the validation period – or else face a lawsuit, make it appear that the time to seek validation had expired, when, in fact, there was still time to dispute the debt and seek validation. As noted by the United States Court of Appeals for the Seventh Circuit, these statements confuse the unsophisticated consumer, by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b). Thus, Defendant BCS's form collection letters violate § 1692g of the FDCPA.

13. Defendant BCS's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## CLASS ALLEGATIONS

14. Plaintiff Mitchell brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant BCS attempted to collect a delinquent consumer debt, from one year before the date of this Complaint to the present, via the same collection letters that it sent Plaintiff (Exhibits C and D), and as to which the second collection letter was sent within 30 days of the first letter and demanded payment before expiration of the 30-day validation period and threatened litigation. This action seeks a finding that the Defendant's collection letters violate the FDCPA, and asks that the Court award statutory damages as authorized by §1692k(a)(2) of the FDCPA.

15. Defendant BCS regularly engages in debt collection using the same form letters it sent to Plaintiff Mitchell in its attempts to collect delinquent consumer debts from other persons.

16. The Class consists of more than 35 persons from whom Defendant BCS attempted to collect delinquent consumer debts by sending other consumers the same form letters it sent Plaintiff Mitchell.

17. Plaintiff Mitchell's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action Complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant BCS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

19. Plaintiff Mitchell will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action Complaint will not require extended contact with the members of the Class because Defendant BCS's conduct was perpetrated on all members of the Class and will be

established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Gregory Mitchell, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff as representative of the Class, and his attorneys as Class Counsel;

3. Find that the form of Defendant's collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Mitchell and the Class, and against Defendant BCS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gregory Mitchell, demands trial by jury.

Gregory Mitchell, individually and on behalf of all others similarly situated,
By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 22, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6